## MATTER OF C–

*In Adjustment of Status Proceedings*
*Designated by Commissioner November 15, 1988*

(1) A reason which "comes unexpectedly into being" is an "emergent reason" for the purpose of determining continuous residence under 8 C.F.R. § 245a.1(c)(1)(i) (1988).

(2) Notwithstanding an absence from the United States of 58 days, the applicant maintained continuous residence because she intended to return after 30 days, and her return was unexpectedly delayed by the failure of the postal service to timely deliver a letter containing the necessary travel funds.

ON BEHALF OF APPLICANT: Pro se

This case is before the Legalization Appeals Unit ("LAU") for the second time. The first time the case was certified to the LAU by the director, Western Regional Processing Facility ("WRPF"). The LAU remanded the case to the WRPF to determine whether the applicant's absence from the United States for more than 45 days was due to "emergent reasons." The WRPF concluded that the absence was not due to an emergent reason and denied the application. The applicant timely filed this appeal. The appeal will be sustained.

The applicant is a 23-year-old native and citizen of Mexico. She is married to a 29-year-old native and citizen of Mexico. The couple has three children, all of them United States citizens. The applicant's husband has been granted temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986).

On May 19, 1987, the applicant filed an Application for Status as a Temporary Resident (Form I–687) under section 245A of the Act. In her application, she stated that she entered the United States without inspection on April 16, 1980. Between January 1, 1982, and May 19, 1987, the applicant stated that she only had one trip outside the United States. The trip was from "4–84" to "6–84." It appears, however, that upon examination at the legalization office, an Immigration and Naturalization Service examiner entered the exact dates of the trip. The examiner found that the applicant left the United States on April 16, 1984, and returned on June 13, 1984. Thus, the length of her absence from the United States was for 58 days.

The immigration examiner at the legalization office, after interviewing the applicant, recommended to the director of the WRPF that the application for temporary residence be granted. On August 4, 1987, the director of the WRPF denied the application on the ground that the applicant's absence from the United States had "exceeded the maximum allowable time for a single absence." The director further noted that there was "no evidence in the record to establish that [the applicant's] departure from the United States . . . was of an emergent reason." The director, however, certified his decision to the LAU.

On October 15, 1987, the LAU remanded the case to the director, WRPF, to determine whether the applicant's absence from the United States of more than 45 days was due to "emergent reasons." The LAU noted the fact that the examiner at the legalization office had recommended the application be approved. However, the examiner did not explain the basis for the recommendation and whether he elicited information which tended to prove the applicant's absence was due to emergent reasons. The LAU asked the director, WRPF, to reinterview the applicant in more detail to determine "the nature of her visit and whether her inability to return within forty-five days was due to emergent reasons." It was also noted that the applicant left from and returned to the same address in the United States.

On November 27, 1987, the director, WRPF, issued a decision denying the application. The director stated inter alia:

Your absence from the United States from April 16, 1984 until June 13, 1984 exceeded the maximum allowable time for a single absence. When contacted telephonically on October 23, 1987, you claimed that you could not return to the United States prior to June 13, 1984 because you did not have the necessary money to pay for your return trip. You stated that your husband sent the money to you, but because the ranch you were staying at was in such a remote location, it took a long time for you to receive it. The fact that you did not have sufficient funds for your return trip does not qualify as an emergent reason for your failure to return to the United States within the time limit allowed.

The applicant timely filed a notice of appeal.

Section 245A(a) of the Act sets forth the statutory requirements for eligibility for temporary resident status. Among those is the requirement that the applicant must prove continuous unlawful residence in the United States before January 1, 1982, and through the date the application is filed. Section 245A(a)(2) of the Act. The regulations implementing this provision state, inter alia, that the continuous residence requirement is met when

[n]o single absence from the United States has exceeded forty-five (45) days, and the aggregate of all absences has not exceeded one hundred and eighty (180) days between January 1, 1982 through the date the application for temporary resident

status is filed, *unless the alien can establish that due to emergent reasons, his or her return to the United States could not be accomplished within the time period allowed.*

8 C.F.R. § 245a.1(c)(1)(i) (1988) (emphasis added).

Thus, we must determine here whether the applicant's absence of 58 days, 13 days more than permitted by the regulations, was because of an "emergent reason." This term is not defined in the regulations. In seeking to interpret and apply this term we are mindful of congressional intent "that the legalization program should be implemented in a liberal and generous fashion, as has been the historical pattern with other forms of administrative relief granted by Congress." H.R. Rep. No. 682(I), 99th Cong., 2d Sess. 72, *reprinted in* 1986 U.S. Code Cong. & Admin. News 5649, 5676. Congress also expected "INS to incorporate flexibility into the standards for legalization eligibility." *Id.* at 73.

The Immigration and Naturalization Service has adopted the definition found in *Webster's II New Riverside University Dictionary* where the word "emergent" is defined as "coming unexpectedly into being." [1] The application of this definition requires us to examine on a case-by-case basis the reasons why an applicant remained abroad longer than the prescribed period. The record in this case indicates that when the applicant was reinterviewed to explain her absence, she stated she only intended to stay in Mexico for 30 days. However, because she was staying on a ranch distant from a town, a letter from her husband enclosing money for her return trip to the United States was delayed. The Service examiner who reinterviewed her noted in the record that the applicant "has the letter from her husband showing when he mailed it and how long it took to get to her."

The credibility of the applicant has not been questioned. Based on the record before us, we must conclude that she planned to stay in Mexico for 30 days, but the unexpected delay in receiving the money from her husband caused her to be absent from the United States for 58 days. In summary, her inability to return within the time allowed was because of an emergent reason.

**ORDER:** The appeal is sustained. The application is approved.

---

[1] Subsequent to the issuance of this decision but prior to its designation as a precedent, the court in *Hernandez v. Meese*, No. CIV-S-88-385 (E.D. Cal. Aug. 11, 1988), cited with approval the Service definition of "emergent reason," stating that "the standard enunciated by the Legalization Appeals Unit appears to be generous and in keeping with the Congressional directive to administer the program in a liberal and generous fashion."