# MATTER OF E-M-

## In Adjustment of Status Proceedings

*Designated by Commissioner May 24, 1989*

(1) An applicant seeking temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986), has the burden to prove his eligibility by a preponderance of the evidence.

(2) There is no catch-all definition of the term "preponderance of the evidence." Whether an applicant has submitted sufficient evidence to meet his burden of proof under section 245A of the Act will depend upon the factual circumstances of each case. Generally, however, when something is to be established by a preponderance of evidence it is sufficient that the proof only establish that it is probably true.

(3) An applicant who submitted an Arrival-Departure Record (Form I-94) and his passport to prove he entered the United States prior to 1982, affidavits from acquaintances and employers to prove his continuous residence in the United States since such a date, and an affidavit explaining why he was unable to submit other documentation has established by a preponderance of the evidence that he has resided continuously in the United States in an unlawful status since prior to January 1, 1982.

ON BEHALF OF APPLICANT: David Scheinfeld, Esquire
30 East 42 Street, Suite 401
New York, New York 10017

This is an appeal from a decision of the director, Eastern Regional Processing Facility, finding the applicant ineligible for temporary resident status under section 245A of the Immigration and Nationality Act, 8 U.S.C. § 1255a (Supp. IV 1986). The appeal will be sustained and the application for temporary resident status approved.

## I. THE FACTS

The applicant is a divorced 44-year-old male native and citizen of Jamaica. He has four children who are natives and residents of Jamaica. On November 25, 1987, he filed an Application for Status as a Temporary Resident (Form I-687) under section 245A of the Act at the Immigration and Naturalization Service legalization office in Jersey City, New Jersey. The application was accompanied by the necessary documentation as set forth in 8 C.F.R. § 245a.2(d) (1988). The applicant also submitted his original Arrival-Departure Record (Form I-94), photocopies of pages from his passport, and a number of affidavits to support his claim to eligibility. His Form I-94 indicates that he was admitted to the United States on August 27, 1981, as a

nonimmigrant visitor until September 21, 1981. There is no evidence of any extensions to his period of admission. The Service's Non-Immigrant Information System (NIIS) does not indicate any departures or reentries of the applicant subsequent to August 27, 1981.

The applicant was interviewed by a Service examiner who recommended to the director that the application be approved. However, the examiner suggested to the director that the applicant submit more documentation because the applicant had submitted only affidavits.

In a letter to the applicant dated January 27, 1988, the director requested "proof of continuous residence in the U.S. from 1981 to the present" and "historical evidence, other than affidavits" to prove residence. In response to the request, the applicant submitted seven affidavits, including an affidavit from the applicant setting forth reasons why he was unable to produce any other proof to substantiate his continuous residence.

On April 2, 1988, the director denied the application for temporary resident status. In his decision, he pointed out that the application as originally submitted "did not contain sufficient evidence to render it approvable." The director then set forth the Service's regulations on the burden of proof of applicants under section 245A of the Act, which are at 8 C.F.R. § 245a.2(d)(5) (1988), and made the following relevant findings. First, the director found that the 10 affidavits submitted by witnesses as proof of the applicant's residence in the United States "are not corroborated by other credible evidence." He noted that it was reasonable to expect the applicant to submit evidence of continuous residence other than affidavits. Second, the director stated that the applicant must prove eligibility by a preponderance of the evidence but determined that to meet this standard the applicant "must provide evidence of eligibility apart from [his] own testimony and that of unsupported affidavits." Finally, the director concluded that the applicant "failed to submit the required documentation." Consequently, he held that the evidence submitted was insufficient to support the claim and therefore denied the application.

On appeal, the applicant, through counsel, asserts that the director erred in his decision because the applicant met his burden of proof. He has also submitted additional evidence on appeal consisting of 13 affidavits.

## II. ANALYSIS

An applicant for temporary resident status under section 245A of the Act has the burden to establish by "a preponderance of the evidence that he or she has resided in the United States for the requisite periods, is admissible to the United States ... , and is

otherwise eligible for adjustment of status under this section." 8 C.F.R. § 245a.2(d)(5) (1988).

The applicant here does not dispute that the burden is upon him to establish eligibility. Rather, he argues that he has met his burden by establishing by a preponderance of the evidence his eligibility for temporary resident status under section 245A of the Act.

## A. WHETHER AN APPLICANT HAS PROVED HIS ELIGIBILITY BY A PREPONDERANCE OF THE EVIDENCE WILL GENERALLY DEPEND UPON THE FACTUAL CIRCUMSTANCES OF EACH CASE

The issue in this appeal is whether the applicant has established his eligibility under section 245A of the Act by a preponderance of the evidence. The Service regulations provide an illustrative list of documentary evidence that an applicant may submit to establish eligibility. 8 C.F.R. § 245a.2(d) (1988). However, the term "preponderance of the evidence" is not explained. There are no talismanic words to define this term. Whether an applicant has proved his eligibility by a preponderance of the evidence will generally depend upon the factual circumstances of each case. Nonetheless, certain guiding considerations can be stated.

### 1. What Is Preponderance Of The Evidence?

The preponderance of the evidence standard may be best understood by contrasting it with other standards of proof.

First, preponderance of the evidence is not evidence that must establish beyond a doubt that the applicant is eligible under section 245A of the Act. In other words, the director can still have doubts but, nevertheless, the applicant can establish eligibility. Second, preponderance of the evidence is not the clear, unequivocal, and convincing evidence applicable in deportation proceedings. *See Woodby v. INS*, 385 U.S. 276 (1966) (Service must prove by clear, unequivocal, and convincing evidence that the facts alleged as grounds for deportation are true). An alien does not have to prove by clear, unequivocal, and convincing evidence that he has established eligibility under section 245A of the Act. Preponderance of the evidence requires a lesser showing than these two standards.[1]

How much of a showing is sufficient to establish eligibility by a preponderance of the evidence will often turn upon the factual circumstances of each case. There are no magic words or mathematical

---

[1] As characterized by one court, "in American law a preponderance of the evidence is rock bottom at the fact finding level of civil litigation." *Charlton v. FTC*, 543 F.2d 903, 907 (D.C. Cir. 1976) (footnote omitted).

formulas that can describe a preponderance of the evidence so it can be applied mechanically in every case. Nonetheless, when we consider that the purpose of evidence is to ascertain the truth, then we can make certain generalizations. For example, when something has to be proved beyond a reasonable doubt, the proof must demonstrate that something must be almost certainly true. And when something has to be proved by clear and convincing evidence, the proof must demonstrate that it is highly probably true. But, when something is to be established by a preponderance of the evidence it is sufficient that the proof only establish that it is probably true. *See generally* E. Cleary, *McCormick's Handbook of the Law of Evidence* § 339 (2d ed. 1972).

Truth is to be determined not by the quantity of evidence alone, but by its quality. The regulations specifically state that the evidence will be judged by its probative value and credibility. 8 C.F.R. § 245a.2(d)(6) (1988). Therefore, the application of the "preponderance of the evidence" standard may require the examination of each piece of relevant evidence and a determination as to whether such evidence, either by itself or when viewed within the totality of the evidence, establishes that something to be proved is probably true.

### 2. Evidence Likely To Be Found In Applications For Temporary Resident Status Under Section 245A Of The Act

No two cases will ever contain identical evidence. However, the evidence that is normally submitted by applicants under section 245A of the Act can be grouped into three categories.

First is the application itself, Form I-687. The Service regulations state that "an applicant must provide evidence of eligibility apart from his or her own testimony." 8 C.F.R. § 245a.2(d)(6) (1988). Thus, the Form I-687 cannot by itself ever be sufficient to establish eligibility. However, the application and the applicant's testimony is evidence to be considered in determining eligibility. An applicant who knowingly submits fraudulent documents or makes false statements is subject to severe criminal penalties. Section 245A(c)(6) of the Act. Thus, there is a built-in mechanism to discourage applicants from making false statements and submitting fraudulent documentation.

The second category of evidence is the documentary evidence the applicant may submit to support his application and to corroborate the information of Form I-687. This evidence may be in the form of affidavits or in the format prescribed by the Service regulations. For example, the regulations are very specific as to what a letter from an employer should contain. 8 C.F.R. § 245a.2(d)(3)(i) (1988). Specifically, the letter should be signed by an employer under penalty of perjury and "shall state the employer's willingness to come forward and give testimony if requested." *Id.* Letters from employers that do not comply

with this requirement do not have to be accorded as much evidentiary weight as letters that otherwise comply.

Nonetheless, even absent compliance with this regulation, the letter should be considered as a "relevant document" under 8 C.F.R. § 245a.2(d)(3)(iv)(L) (1988). Affidavits that have been properly attested to under perjury of law may be given more weight than a simple letter. However in determining the weight of an affidavit, it should be examined first to determine upon what basis the affiant is making the statement and whether the statement is internally consistent, plausible, or even credible. Most important is whether the statement of the affiant is consistent with the other evidence in the record.

The third category of evidence is the applicant's oral testimony. Pursuant to the regulations, each applicant over 14 years of age must be interviewed by a Service examiner at a legalization office ("LO"). 8 C.F.R. § 245a.2(j) (1988). The examiner then completes a worksheet on Form I-696 that becomes part of the record. In this form the examiner makes his recommendation to the director.

There are two key pieces of evidence on Form I-696. First, is the LO's recommendation and then the basis for that recommendation. These two pieces of evidence must complement each other. If the LO recommends a denial, there should be a statement to indicate the basis for that recommendation. Absent such a statement, very little or no weight should generally be given to the recommendation. On the other hand, if the LO recommends a grant and there is a basis for that recommendation, then that recommendation should carry substantial evidentiary weight, especially if the issue is one of credibility.

All of the foregoing factors should necessarily be taken into account in reaching a particular decision. Moreover, the Service has suggested a "balanced and flexible approach ... in evaluating an applicant's testimony and the overall sufficiency and probative value of the evidence he or she has provided to support his or her claim to eligibility."[2] In *Matter of C-*, 19 I&N Dec. 808 (Comm. 1988), we noted also that Congress "expected 'INS to incorporate flexibility into the standards for legalization eligibility.'" *Id.* at 810 (citation omitted).

## B. THE APPLICANT HAS ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE ELIGIBILITY UNDER SECTION 245A OF THE ACT

We now turn to consider the evidence in this case. The applicant stated in his application that he last entered the United States on

---

[2]Memorandum of Richard E. Norton, Associate Commissioner of Examinations, October 9, 1987, *reprinted in* 64 *Interpreter Releases*, No. 40, October 19, 1987, at 1171-72.

August 27, 1981, and that he has been self-employed as a handyman since that time. He has lived at three different addresses since August 1981. With his application, he submitted a number of documents to corroborate the information provided. These documents consist of affidavits from acquaintances, a statement from a doctor, and a statement from a pastor. Most of these documents are notarized, and all the affiants stated their willingness to come forward and testify in this matter if necessary.

The applicant also submitted the original Form I-94 which shows a stamp from the Service indicating the applicant was admitted as a "B-2" visitor in New York City on August 27, 1981. This date of admission also appears in the applicant's passport, photocopies of which have been submitted by the applicant.

The Service examiner who interviewed the applicant recommended that the application be granted. However, the examiner had some doubt because he suspected fraud. The examiner further noted as follows: "[The applicant] has only affidavits from 1981-1987 & a doctor's statement to prove his residence. I suggest more documentation to prove residence...." The examiner's recommendation is puzzling when considered in the context of his other observations. Nonetheless, the examiner had an opportunity to view the demeanor of the applicant and to pursue whatever line of questioning was necessary. To the extent that the examiner recommended a grant, such evidence should be accorded much weight on the issue of the applicant's credibility absent some contrary information in the record.

The director asked for additional information. Among other documents, the applicant submitted a notarized statement by an acquaintance who states he has known the applicant from 1981 until the present in New Jersey. The applicant submitted a sworn affidavit setting forth why he is unable to produce "any other proof to substantiate" his continuous residence in the United States since 1981 to the present. The applicant explained that he lived with his relatives and did not pay any rent.

On appeal, the applicant has submitted 13 additional affidavits. As we have stated, the volume of evidence is not necessarily the decisive factor in the search for the truth. The contents of the affidavits must be assessed and the quality of the evidence determined. Here, all of the affiants have explained the circumstances under which they came to know the applicant. All of the affiants have stated their willingness to come forward and testify if necessary.

Having reviewed the evidence in the record we find as follows. While it is reasonable to expect an applicant who has been residing in this country since prior to January 1, 1982, to provide some documentation other than affidavits, the absence of contemporaneous

documentation is not necessarily fatal to an applicant's claim to eligibility. Although the Service regulations provide an illustrative list of contemporaneous documents that an applicant can submit, the list also permits the submission of affidavits and "[a]ny other relevant document." 8 C.F.R. § 245a.2(d)(3)(iv)(L) (1988). The legal conclusion of the director that the applicant cannot meet his burden of proof by his "own testimony and that of unsupported affidavit" is inconsistent with the foregoing regulation.

In this case, the applicant's presence in the United States prior to January 1982 has been established conclusively by official government documents. His continuous presence in the United States since that time has been documented by a number of affidavits ranging from acquaintances to employers to a priest. All of the affiants have stated their willingness to come forward and testify if necessary on behalf of the applicant. The information submitted by these affiants corroborates the information provided by the applicant on Form I-687, namely, his continuous residence in the United States since August 27, 1981. In his decision the director did not challenge either the credibility of the applicant and the affiants or the authenticity of the documents.

We conclude that the applicant has probably been unlawfully residing in the United States since prior to January 1, 1982. We base this conclusion on the evidence submitted, particularly the original Service Form I-94 and the applicant's passport, indicating the applicant entered the United States in 1981, and the affidavits submitted by persons who are willing to testify in this matter, and by the plausible explanation of the applicant as to why he is unable to submit additional information.

For the foregoing reasons, we find that the applicant has established his eligibility for temporary resident status under section 245A of the Act by a preponderance of the evidence.[3]

**ORDER:** The appeal is sustained. The application for temporary resident status is approved.

---

[3]We also find that the applicant has met the other grounds of eligibility. The applicant's status as a nonimmigrant expired prior to January 1, 1982, through the passage of time. There are no known grounds of inadmissibility, and he does not appear likely to become a public charge.