15-336-ag
Rehman v. Lynch

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand sixteen.

PRESENT: JON O. NEWMAN,
RALPH K. WINTER,
REENA RAGGI,
*Circuit Judges*.

-----------------------------------------------------------------------

FAZAL UR REHMAN,

*Petitioner*,

v.                                                               No. 15-336-ag

LORETTA E. LYNCH, UNITED STATES ATTORNEY
GENERAL,

*Respondent*.

-----------------------------------------------------------------------

APPEARING FOR PETITIONER:   KHAGENDRA GHARTI CHHETRY, Esq., New York, New York.

APPEARING FOR RESPONDENT:   JOHN M. MCADAMS, JR., Trial Attorney (Benjamin Mizer, Principal Deputy Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

1

UPON DUE CONSIDERATION of this petition for review of an Administrative Appeals Office ("AAO") decision and a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Petitioner Fazal Ur Rehman, a native and citizen of Pakistan, seeks review of (1) a December 8, 2010 decision of the AAO, dismissing his appeal of the February 19, 2008 decision of a District Director of the U.S. Citizenship and Immigration Services division of the Department of Homeland Security denying his application to adjust status under the Legal Immigration Family Equity Act ("LIFE Act"), see In re Fazal Ur Rehman, No. A93 249 310 (A.A.O. Dec. 8, 2010), aff'g No. A93-249-310 (Legalization Unit, USCIS, N.Y. Dist. Feb. 19, 2008); and (2) a January 14, 2015 decision of the BIA affirming an Immigration Judge's ("IJ") February 28, 2013 order of removal, In re Fazal Ur Rehman, No. A093 249 310 (BIA Jan. 14, 2015). We assume the parties' familiarity with the facts and records of prior proceedings, which we reference only as necessary to explain our decision to deny the petition for review.

The government has conceded that on review of the order of removal, we may review the decision of the AAO that dismissed the appeal from the denial of the application to adjust status. Our review of the AAO's adverse decision on Rehman's LIFE Act application is limited to "the administrative record established at the time of the review by the [AAO,] and the findings of fact and determinations contained in such record [are] conclusive unless the applicant can establish abuse of discretion or that the findings are directly contrary to clear and convincing facts contained in the record considered as a whole." 8 U.S.C. § 1255a(f)(4)(B). On such review, we identify no

2

error in the denial of LIFE Act relief.

Under the LIFE Act, an alien seeking adjustment of status has the burden of establishing by a preponderance of the evidence the following requirements:

- he entered the United States before January 1, 1982;

- he continuously resided in the United States in an unlawful status from that date through May 4, 1988;

- he was continuously physically present in the United States between November 6, 1986 and May 4, 1988;

- he is not inadmissible; and

- he can demonstrate basic citizenship skills.

See 8 C.F.R. §§ 245a.11 (requirements), 245a.12(e) (burden). To carry this burden, "an applicant must provide evidence of eligibility apart from his or her own testimony." Id. § 245a.12(f). The agency found that Rehman failed to establish by a preponderance of the evidence that he entered the United States before January 1, 1982, and that he continuously resided unlawfully in the United States from that date through May 4, 1988. These conclusive findings supported denial of LIFE Act relief.

As the agency noted, Rehman did not submit any primary evidence that he entered the United States in 1981 as he claimed, and the government did not have any records of his entry. The agency acknowledged witness affidavits stating that Rehman entered the United States in 1981, but reasonably found those affidavits neither credible nor subject to verification. See id. § 245a.2(d) ("Applications submitted with unverifiable documentation may be denied."). The authors of the strikingly similar affidavits

3

provided no details of their relationships or contacts with Rehman to support the statements made. See In re E–M–, 20 I. & N. Dec. 77, 81 (BIA 1989) ("[I]n determining the weight of an affidavit, it should be examined first to determine upon what basis the affiant is making the statement and whether the statement is internally consistent, plausible, or even credible."); cf. Ye v. U.S. Dep't of Justice, 489 F.3d 517, 524 (2d Cir. 2007) ("[O]ur case law . . . has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned.'") Accordingly, the agency did not abuse its discretion in finding that Rehman failed to establish by a preponderance of the evidence that he entered the United States prior to January 1, 1982. See 8 C.F.R. §§ 245a.11(b), 245a.12(e); see also In re E–M–, 20 I. & N. Dec. at 80–81.

The agency's decision is further supported by its finding that Rehman failed to demonstrate his continuous unlawful residence from January 1, 1982, through May 4, 1988. See 8 C.F.R. § 245a.11(b). The agency reasonably declined to credit several employment verification letters because they did not comply with requirements in agency regulations that such letters provide the applicant's address at the time of employment, detail the applicant's duties, and state how the dates of employment were ascertained. See id. §§ 245a.2(d)(3)(i), 245a.15(b). A letter from a mosque stating that Rehman had attended daily prayers in 1987 and 1988 also failed to comply with the regulatory requirement that such letters provide the applicant's address during the relevant time and the origin of the information provided. See id. § 245a.2(d)(3)(v). The agency also did not err in rejecting statements from Rehman's professed former roommates, given the

4

authors' failure to provide any contact information or details about their relationships with Rehman that could be used to verify their assertions. See In re E–M–, 20 I. & N. Dec. at 81.

Contrary to Rehman's contention, the AAO did not abuse its discretion by failing to address a letter from Chase Bank, which indicated that he had opened a Chase bank account in 1982, because the letter was written after the AAO's decision. See 8 U.S.C. § 1255a(f)(3)(B). Nor did the BIA err in declining to consider the Chase Bank letter. The AAO, not the BIA, is the only administrative appellate authority for LIFE Act applications. See id. § 1255a(f)(3)(A); 8 C.F.R. § 245a.20(b).

Accordingly, because Rehman failed to submit evidence—apart from his own testimony—that complied with agency regulations or contained verifiable information as to his date of entry or dates of residency, the agency did not abuse its discretion in denying adjustment of status under the LIFE Act. See 8 C.F.R. §§ 245a.2(d), 245a.11.

We do not consider the BIA's decision insofar as it found Rehman removable, concluded that his adjustment application was not properly before it on appeal, and declined to remand to permit him to apply for withholding of removal because Rehman has not adequately challenged those findings here. See Zhang v. Gonzales, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5