MATTER OF HERRERA

In Visa Petition Proceedings

A-19086022

*Decided by Board September 13, 1971*

(1) For the purpose of establishing U.S. citizenship in visa petition proceedings, petitioner's delayed Texas birth certificate, standing alone, does not amount to a "birth certificate" within the contemplation of 8 CFR 204.2(a)(1). Even though petitioner's delayed birth certificate may be treated as *prima facie* evidence of the facts it relates, those facts have been rebutted by contradictory documentary evidence in the form of the 1910 census record. Further, the delayed certificate was issued on the basis of affidavits of 2 persons, one of whom was only 3 years old at time of petitioner's alleged birth and therefore, unlikely to have personal knowledge of the facts of birth; the basis of knowledge of the other affiant is not reflected.

(2) Since the 2 baptismal records submitted by petitioner in support of his visa petition to accord his wife immediate relative status relate to a baptism which took place more than 2 months after birth, they do not satisfy the documentary requirement of 8 CFR 204.2(a)(1).

ON BEHALF OF PETITIONER: Pro se

The petitioner filed a petition to obtain immediate relative status for his spouse under section 201(b) of the Immigration and Nationality Act. The District Director denied the application in an order dated January 19, 1971 on the ground that the petitioner was not a United States citizen. The petitioner appealed from that order. This Board, in our order dated March 19, 1971, remanded the matter for the reception of additional evidence and to obtain translations of evidence already in the record.

After receiving additional evidence and securing the translations referred to, the District Director again denied the petition for the same reason as before. The District Director certified the matter to this Board pursuant to our order of March 19, 1971, in which we directed certification in the event the petition were denied, since we had made no ruling on the merits of the appeal. We will affirm the order of the District Director.

755

The petitioner, Mariano Herrera-Rendon, Jr., has submitted an immediate relative petition on behaif of his wife, whom he married on June 26, 1968. The validity of the marriage is not in issue. The beneficiary, a native and citizen of Mexico, is eligible for classification as an immediate relative, provided the petitioner is a citizen of the United States.

As evidence of United States citizenship the petitioner submitted a delayed Texas birth certificate. The main issue in this case is whether the delayed Texas birth certificate, along with the other evidence presented, supports the claim of birth in the United States.

The procedure for granting immediate relative status to a spouse is set forth in section 204(a) of the Immigration and Nationality Act, which states: "The petition shall be in such form as the Attorney General may be regulations prescribe and shall contain such information and be supported by such documentary evidence as the Attorney General may require."

The implementing regulation, 8 CFR 204.2(a), states that an immediate relative petition filed by a United States citizen whose citizenship is based upon birth in the United States must be accompanied by (a) his birth certificate, or (b) if his birth certificate is unobtainable, a copy of his baptismal certificate under seal of the church, showing his place of birth and a date of baptism occurring within two months after birth, or (c) if his birth or baptismal certificate cannot be obtained, affidavits of two United States citizens who have personal knowledge of his birth in the United States.

The petitioner submitted a delayed birth certificate showing birth in San Juan, Texas on June 8, 1910. This record of birth was filed February 21, 1955, 45 years after the birth. It was issued on the basis of affidavits executed by Guadalupe Herrera-Rendon and Maria de Jesus Cordova Garza. The record indicates that Guadalupe Herrera-Rendon, who is the older brother of the petitioner, was three years old at the time of petitioner's birth.

Contradicting the claim of birth in the United States is the record of the 1910 census for Cameron County, Texas, which lists the petitioner as six months old on April 15, 1910, and notes that he was born in Mexico.

The petitioner also submitted a baptismal certificate, apparently made from contemporaneous entries in the parochial archives of the Parish of Sanctuary, Matamoros, Mexico, showing baptism on January 26, 1910. It indicated birth "in the ranch San Juan' on the 8th day of November 1909 . . ."

The file also contains another certificate relating to baptism, this one from another parish, the Parish of Our Lady of Refuge, also in Matamoros, based upon affidavits by the petitioner's mother and Maria de Jesus Cordoba dated January 19, 1955. This certificate asserts the petitioner was baptized January 26, 1910, not at the San Juan ranch, but at the Palangana ranch in San Juan, Texas. In effect, it is a delayed baptismal certificate, secured at approximately the same time as the delayed birth certificate.

The petitioner, in his statement of April 16, 1970, said that there is a San Juan ranch adjacent to the Palangana ranch in the jurisdiction of Matamoros, Tamaulipas, Mexico.

In *Mah Toi* v. *Brownell*, 219 F.2d 642 (9 Cir., 1955), cert. denied 350 U.S. 823, a case involving a proceeding for the declaration of United States nationality, the court held that a California court order establishing birth in the United States was merely *prima facie* evidence and that presumptions arising from such evidence are rebuttable, not conclusive. The same rule was applied in the following cases involving delayed evidence of birth: *Casares-Moreno* v. *United States*, 226 F.2d 873 (9 Cir., 1955), a criminal case; *Louie Hoy Gay* v. *Dulles*, 248 F.2d 421 (9 Cir., 1955); and *Liacakos* v. *Kennedy*, 195 F. Supp. 630 (D. D.C., 1961), deportation matters. We applied the rule in a deportation proceeding, *Matter of Lugo-Guadiana*, 12 I. & N. Dec. 726 (BIA, 1968).

As the court did in the *Mah Toi* case, *supra*, we look behind the instrument itself and consider the supporting matter upon which it was issued. In the present case we note that one of the signers of a supporting affidavit was only three years old at the time of the alleged birth and, therefore, was not likely to have personal knowledge of the facts of birth. The basis of knowledge of the other affiant is not given.

The petitioner, then, has not come forth with documentary evidence that meets the requirements of any one of the three subsections of 8 CFR 204.2(a). That is, his delayed birth certificate, standing alone, does not amount to a "birth certificate" within the contemplation of the first subsection; the two baptismal records submitted do not satisfy the second subsection, since they relate to a baptism which took place five, rather than two months after birth; and the petitioner has not submitted the two affidavits of United States citizens with knowledge of the facts of birth as required by the third subsection.

757

Even aside from his failure to comply with 8 CFR 204.2(a), our appraisal of all the evidence leads to the conclusion that the petitioner has not met his burden of establishing eligibility for the benefit he seeks, *Matter of Brantigan*, 11 I. & N. Dec. 493 (BIA, 1966). That is, even though the delayed Texas birth certificate may be treated as *prima facie* evidence of the facts it relates, we find that those facts have been rebutted by contradictory documentary evidence in the form of the 1910 census record. Moreover, the delayed Texas birth certificate, along with the simultaneous delayed Mexican baptismal record, appears to be part of a scheme to deceive the immigration authorities.

We accordingly agree with the District Director's conclusion that the United States birth of the petitioner has not been established. Because the petitioner has failed to establish that he is a United States citizen, his petition for immediate relative status for his wife must be denied. The following order will therefore be entered.

**ORDER:** We affirm the decision of the District Director and dismiss the petitioner's appeal.