## MATTER OF SERNA

### In Visa Petition Proceedings

### A-21338935

*Decided by Board December 6, 1978*

(1) Delayed birth certificate, even where unrebutted by contradictory evidence, will not in every case establish petitioner's status as United States citizen. *Matter of Herrera*, 13 I. & N. Dec. 755 (BIA 1971), clarified.

(2) Each case in which United States citizenship is sought to be established through a delayed birth certificate must be decided on its own facts with regard to the sufficiency of the evidence presented as to petitioner's birthplace.

ON BEHALF OF PETITIONER: Laurier B. McDonald, Esquire
Pena, McDonald, Prestia & Zipp
P.O. Box 54
Edinburg, Texas 78539

BY: Milhollan, Chairman; Maniatis, Appleman, Maguire, and Farb, Board Members

The petitioner has appealed from a decision of the District Director dated September 16, 1976, denying a petition filed on behalf of the beneficiary as her spouse under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. 1151(b), for the reason that the evidence submitted by the petitioner had not established that she is a United States citizen. The record will be remanded.

The Code of Federal Regulations provides that a petition filed on behalf of a relative by a United States citizen whose citizenship is based on birth in the United States must be accompanied by the petitioner's birth certificate; or, if the birth certificate is unobtainable, a copy of a baptismal certificate under church seal that shows the place of birth and date of baptism (which must occur within two months after birth); or, if neither a birth certificate nor a baptismal certificate is obtainable, affidavits of two United States citizens who have personal knowledge of the petitioner's birth in the United States. 8 C.F.R. 204.2(a)(1).

In support of her citizenship claim, the petitioner submitted a certified photostatic copy of a birth certificate issued by the State of Texas, dated June 23, 1952, stating that Ramona Rodriguez was born in Raymondville, Texas, on March 10, 1951. The certificate contains two affidavits from Guadalupe Patino Rodriguez (who is listed as the peti-

tioner's mother on the certificate) and Ofelia Rodriguez (who is listed as "not related" on the certificate) verifying the facts stated in the birth certificate. The petitioner also submitted a certified photostatic copy of a baptismal certificate for Maria Ramona Rodriguez that bears the same date and place of birth as the birth certificate. This document, dated November 5, 1974, states that the petitioner was baptized in the Our Lady of Guadalupe Church, Raymondville, Texas, on March 9, 1952.

The District Director concluded that the evidence submitted failed to meet any one requirement for proof of United States citizenship under 8 C.F.R. 204.2(a)(1).[1] He further stated that the documents were "inadequate by any reasonable standards."

On appeal, the petitioner contends that a "delayed" birth certificate may be treated as prima facie evidence of United States citizenship until it is rebutted by contradictory documentary evidence. In support of her position, the petitioner cites *Matter of Herrera*, 13 I. & N. Dec. 755 (BIA 1971).

In that case, the petitioner presented a birth certificate issued by the State of Texas 45 years after the date of his birth. He also presented baptismal certificates from two different parishes. However, contradicting his claim of a United States birthplace was a census record which listed the petitioner's birthplace as Mexico. The Board affirmed the decision of the District Director denying the petition on the ground that the evidence of United States citizenship contained in the delayed birth certificate had been rebutted by contradictory documentary evidence in the census record. We also noted that the delayed birth certificate and the delayed baptismal certificate, both issued about the same time, appeared to be part of a fraudulent scheme.

The Board did state in *Matter of Herrera, supra*, at 758, that the delayed birth certificate presented by the petitioner "may be treated as prima facie evidence of the facts it relates." However, there was no intent on our part in that case to promulgate an inflexible rule of evidence regarding the weight to be assigned a delayed birth certificate.

It is true, as counsel points out, that the regulation pertaining to proof of United States citizenship in visa petition proceedings, 8 C.F.R. 204.2(a)(1), does not distinguish between certificates issued at the time of birth and those issued at some later date. For many persons who are born in this country and who are therefore bona fide United States citizens, a delayed birth certificate may be the only type of birth certificate available to them. To penalize these persons because they were not

[1] The record reflects that after reviewing the documents submitted by the petitioner, the District Director requested that she obtain affidavits attesting to the facts of her birth. Her attorney replied that obtaining additional evidence would be difficult and time-consuming and he asked that a decision be rendered on the basis of documents already submitted.

born in hospitals or other facilities where births are registered would be unjust. At the same time, there can be little dispute that the opportunity for fraud is much greater with a delayed birth certificate.

This is not an issue easily resolved. Our use of the term "prima facie" in *Matter of Herrera, supra*, was perhaps misleading, thereby creating an inference that a delayed birth certificate, unrebutted by contradictory evidence of a birthplace other than the United States, would establish in every case a petitioner's status as a United States citizen. This was not our intent. Such a rule would be unwise and an unwarranted restriction on the District Director's adjudicative function in this area. Rather, it is our position that each case must be decided on its own facts with regard to the sufficiency of the evidence presented as to the petitioner's birthplace. Of course, the District Director's finding concerning the petitioner's claim of citizenship is reviewable by the Board on appeal.

In the case before us, the District Director requested the petitioner to submit affidavits attesting to the facts of her birth. We are not persuaded that this was an unreasonable request, viewing the record as a whole. The petitioner does bear the burden of proof in visa petition proceedings and this includes his or her eligibility as a United States citizen to bestow immigration benefits upon an immediate relative. Consequently, we conclude that the record should be remanded to the District Director to afford the petitioner an opportunity to obtain the evidence requested by the District Director or to explain why such evidence is unavailable. Upon remand, the Immigration and Naturalization Service should have a reasonable opportunity to present any evidence it may have that contradicts the petitioner's claim of United States citizenship. The District Director should then enter a new decision in this matter, which should be certified to this Board for review if it is adverse to the petitioner. Accordingly, the following orders shall be entered.

ORDER: The record is remanded to the District Director for further proceedings consistent with the foregoing opinion and the entry of a new decision.

FURTHER ORDER: In the event of a decision that is adverse to the petitioner, the District Director shall certify his decision to the Board for review.