MATTER OF VILLANUEVA

In Visa Petition Proceedings

A-22860111

*Decided by Board June 5, 1984*

Unless void on its face, a valid United States passport issued to an individual as a citizen of the United States is not subject to collateral attack in administrative immigration proceedings but constitutes conclusive proof of such person's United States citizenship.

ON BEHALF OF PETITIONER:
Richard Stern-Boswell, Esquire
Diana Boruchin, Accredited Representative
Immigration Clinic
George Washington University
2000 L Street, N.W., Suite 307
Washington, D.C. 20052

Barbara A. Jones, Esquire
Daniel C. Harms, Accredited Representative
Houston Center for Immigrants, Inc.
2314 Cochran Street
Houston, Texas 77009

ON BEHALF OF SERVICE:
Michael J. Heilman
Acting Appellate Trial
  Attorney

Benjamin D. Somera
General Attorney

BY: Milhollan, Chairman; Maniatis, Dunne, Morris, and Vacca, Board Members

On November 15, 1983, the district director denied the petition to classify the beneficiary as an immediate relative spouse of a United States citizen under section 201(b) of the Immigration and Nationality Act, 8 U.S.C. § 1151(b) (1982). The petitioner has appealed from that decision. The record will be remanded.

The petitioner is a 58-year-old alleged native and citizen of the United States. The beneficiary is a 51-year-old native and citizen of Mexico. The record contains a certified but unauthenticated copy of the parties' apparent marriage certificate which reflects that they were married in a civil ceremony on August 26, 1947, in Mexico. The petitioner originally submitted a visa petition on behalf of the beneficiary on May 17, 1978. On December 21, 1978, the district di-

rector denied that petition, finding that the petitioner had failed to establish he was a United States citizen, thereby rendering the beneficiary ineligible for classification as an immediate relative under section 201(b) of the Act. The district director's decision was affirmed by this Board and the petitioner's appeal was dismissed on February 5, 1982.

The petitioner subsequently filed a new petition for the beneficiary. In support of this petition, the petitioner submitted a certified copy of two pages from a United States passport issued to him as a United States citizen on February 24, 1981, and valid for 5 years, along with various other documents and affidavits which the district director considered in his initial 1978 decision. The district director did not find the petitioner's passport to be adequate evidence of United States citizenship because he "assumed" it had been issued to the petitioner on the basis of his delayed Texas birth certificate, the same document which was previously determined to be insufficient proof of his United States citizenship claim. *See generally Matter of Serna,* 16 I&N Dec. 643 (BIA 1978). Accordingly, the district director also denied the instant petition.

On appeal, the petitioner argues that the district director erred by failing to consider the petitioner's United States passport as conclusive proof of his United States citizenship, as required by 22 U.S.C. § 2705 (1982). Based upon the following analysis of this statute, we agree with petitioner's position.

Prior to enactment of 22 U.S.C. § 2705 (1982), a United States passport was regarded only as prima facie evidence of United States citizenship. *See Peignand v. INS,* 440 F.2d 757 (1st Cir. 1971); *Gillars v. United States,* 182 F.2d 962 (D.C. Cir. 1950). Now, however, United States passports are given the same weight for proof of United States citizenship as certificates of naturalization or citizenship. Specifically, this statute provides as follows:

> The following documents shall have the same force and effect as proof of United States citizenship as certificates of naturalization or of citizenship issued by the Attorney General or by a court having naturalization jurisdiction:
>
> (1) A passport, during its period of validity (if such period is the maximum period authorized by law), issued by the Secretary of State to a citizen of the United States.

Accordingly, it is next necessary to examine the force and effect given to judicial and administrative certificates of citizenship as proof of United States citizenship.

Unless void on its face, a judicial certificate or decree of naturalization is not subject to impeachment in a collateral proceeding but only can be revoked by a direct attack through court proceedings— a denaturalization suit—prescribed in section 340 of the Act, 8

U.S.C. § 1451 (1982). 41 Op. Att'y Gen. 452 (1960). *See generally Johannessen* v. *United States*, 225 U.S. 227 (1912); *Mutual Benefit Life Insurance Co.* v. *Tisdale*, 91 U.S. 238 (1876); *Spratt* v. *Spratt*, 29 U.S. (4 Pet.) 393 (1830); *MacKay* v. *McAlexander*, 268 F.2d 35 (9th Cir. 1959), *cert. denied*, 362 U.S. 961 (1960). Significantly, section 332(e) of the Act, 8 U.S.C. § 1443(e) (1982), also provides that an administrative certificate of citizenship shall have the same effect in all public offices of the United States as a judicial certificate of citizenship. Based upon that provision, the Attorney General has issued his formal opinion that an administrative certificate of citizenship is likewise immune from collateral attack. 41 Op. Att'y Gen. 452 (1960).[1] Therefore, unless void on its face, an administrative certificate of citizenship is conclusive proof of United States citizenship absent its direct cancellation pursuant to section 342 of the Act, 8 U.S.C. § 1453 (1982).

The foregoing principles also apply with regard to the force and effect of a United States citizen passport because such a passport is equivalent to a judicial or administrative certificate of citizenship under the terms of 22 U.S.C. § 2705 (1982). Accordingly, we hold that unless void on its face, a valid United States passport issued to an individual as a citizen of the United States is not subject to collateral attack in administrative immigration proceedings but constitutes conclusive proof of such person's United States citizenship.[2]

Because the district director did not apply the provisions of 22 U.S.C. § 2705 (1982) in this case, we find it appropriate to remand the record to the district director for his proper consideration under the above holding. Thus, the petitioner's apparently valid United States citizen passport will constitute conclusive proof of his claimed United States citizenship in these visa petition proceedings unless it is invalid on its face.[3] The district director also should address the validity of the parties' claimed relationship and should satisfy himself as to the authenticity of the various foreign documents contained in the record.[4] Thereafter, the district director

---

[1] The Board and the Service are bound by the formal determinations of the Attorney General. *See Matter of Fong*, 14 I&N Dec. 670 (BIA 1974).

[2] We note that the validity of a United States passport can be directly attacked only under the authority and procedures set forth at 22 C.F.R. §§ 51.71, 51.75–76, and 51.80–89 (1984).

[3] Inasmuch as the two pages from the petitioner's asserted United States passport contained in the record are certified to be true copies only by a private attorney, the district director is free to direct that the original passport be submitted for the record. 8 C.F.R. §§ 103.2(b)(1), 204.2(h)(3) (1983).

[4] *See* 8 C.F.R. § 287.6 (1984); *Matter of Lau*, 16 I&N Dec. 115, 117 (BIA 1976).

will render a new decision based upon the entire record as then constituted.

**ORDER:** The record is remanded to the district director for further proceedings consistent with the foregoing opinion and entry of a new decision.