# In re Waldy Miguel BUENO-Almonte, Beneficiary of Visa Petition filed by Miguel Angel Bueno, Petitioner

### File A73 654 749 - Vermont Service Center

*Decided September 24, 1997*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In order to qualify as the legitimated child of the petitioner under section 101(b)(1)(C) of the Immigration and Nationality Act, 8 U.S.C. § 1101(b)(1)(C) (1994), the beneficiary must be the biological child of the petitioner.

(2) A delayed birth certificate does not necessarily offer conclusive evidence of paternity even if it is unrebutted by contradictory evidence; it must instead be evaluated in light of the other evidence of record and the circumstances of the case.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Thomas K. Ware, Service Center Counsel

BEFORE: Board Panel: HEILMAN, COLE, and MATHON, Board Members

HEILMAN, Board Member:

In a decision dated November 14, 1996, the Regional Service Center ("RSC") director denied the visa petition filed by the petitioner to accord the beneficiary preference status as his legitimated son under section 203(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(2) (1994). The petitioner has appealed from this decision. The appeal will be dismissed.

## I. BACKGROUND

The petitioner is a 32-year-old native and citizen of the Dominican Republic. On November 18, 1995, he filed a visa petition on behalf of his son, the beneficiary. He included a copy of his alien registration receipt card and a copy of the beneficiary's birth certificate in support of his petition. According to the birth certificate, the beneficiary was born on August 6, 1987, but his birth was not registered until February 16, 1995.

On July 29, 1996, the RSC director sent a notice to the petitioner requesting additional evidence. The RSC director noted that the beneficiary's birth was registered 7 years after the fact and asked the petitioner to submit "the oldest available evidence" which establishes that he is the father of the beneficiary. According to the notice, such evidence could include, but was not limited to a baptismal certificate or other religious document showing the date and place of birth or baptism, affidavits sworn to by two or more persons who have personal knowledge of the beneficiary's birth, early school records showing the beneficiary's date and place of birth and the names of his parents, or medical records which name the parents and the child. The RSC director also asked the petitioner to submit evidence to demonstrate that the petitioner and the beneficiary shared a bona fide parent-child relationship before the beneficiary reached the age of 21 years. The petitioner did not respond to the RSC director's request and the RSC director subsequently denied the petitioner's visa petition.

The petitioner has appealed from the RSC director's decision. On appeal, he has provided additional documentation and has explained that he did not submit the information earlier because he had been waiting for it to arrive from the Dominican Republic. The documentation he submitted includes a baptismal certificate dated June 1, 1996, an affidavit from the beneficiary's mother stating that the petitioner is his father, a certification from the director of the beneficiary's school which does not contain any reference to the child's parents, a certification from the beneficiary's doctor which does not mention the beneficiary's parents, a certification from the Secretary of Education of the Dominican Republic which does not identify the beneficiary's parents, and two photos of the beneficiary and the petitioner.

The Immigration and Naturalization Service has filed a brief in opposition to the petitioner's appeal. In its brief, the Service argues that the RSC director's decision should be upheld because the petitioner has failed to meet his burden of proof in the present case. The Service contends that the petitioner has failed to provide adequate proof of paternity because the birth certificate he provided was obtained 7 years after the beneficiary's birth. Since there is no other evidence of record to establish paternity, the Service claims that the petitioner's visa petition must be denied for lack of proof.

## II. ANALYSIS

In visa petition proceedings, the petitioner bears the burden of establishing the claimed relationship. *Matter of Brantigan*, 11 I&N Dec. 493 (BIA 1966). The petitioner must prove by a preponderance of evidence that the beneficiary is fully qualified for the preference classification sought under section 203(a) of the Act. *Matter of Patel*, 19 I&N Dec. 774 (BIA 1988); *Matter of Soo Hoo*, 11 I&N Dec. 151 (BIA 1965).

In the present case, the petitioner has filed a visa petition on behalf of the beneficiary under section 203(a)(2)(A) of the Act. This section of the Act allows a lawful permanent resident of the United States to obtain a visa for his child if the child meets the definition of the term "child" set forth in section 101(b)(1) of the Act, 8 U.S.C. § 1101(b)(1) (1994). The relevant portion of section 101(b)(1) provides as follows:

> The term "child" means an unmarried person under twenty-one years of age who is—
>
> (A) a child born in wedlock;
>
> (B) a stepchild, whether or not born out of wedlock, provided the child has not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred;
>
> (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation;
>
> (D) a child born out of wedlock, by, through whom, or on whose behalf a status, privilege, or benefit is sought by virtue of the relationship of the child to its natural mother or to its natural father if the father has or had a bona fide parent-child relationship with the person.

The evidence of record contains no indication that the petitioner is or was ever married to the mother of the beneficiary. The beneficiary therefore cannot qualify as the petitioner's child under sections 101(b)(1)(A) or (B) of the Act. The beneficiary must instead meet the requirements set forth in section 101(b)(1)(C) or (D) of the Act in order to qualify as the petitioner's child for immigration purposes.

## A. Qualification as a Legitimated Child Under Section 101(b)(1)(C) of the Act

### 1. Requirements of Section 101(b)(1)(C) of the Act

As stated above, section 101(b)(1)(C) contains essentially four requirements: (1) the beneficiary must be under 21 years of age; (2) the beneficiary must have been legitimated under the laws of his or her residence or domicile or that of his or her father; (3) this legitimation must have taken place before the beneficiary reached the age of 18; and (4) the beneficiary must have been in the legal custody of his or her father at the time of legitimation. In addition, section 101(b)(1)(C) contains the inherent requirement that the beneficiary be the biological child of the petitioner.

While section 101(b)(1)(C) does not explicitly set forth the requirement of natural paternity, this requirement is implied by the very nature of legitimation. In prior decisions, we have defined legitimation as the act of placing a child born out of wedlock in the same legal position as a child born in

wedlock. *See Matter of Reyes*, 17 I&N Dec. 512, 514 (BIA 1980).[1] A legiti-mated child is, therefore, the biological offspring of unmarried parents, who, by some act, has been placed in the same legal position the child would have been in if his or her parents had been married at the time of the child's birth. Given this fact, a beneficiary cannot qualify as the legitimated child of the petitioner unless the evidence of record establishes that he is the petitioner's biological child.

To meet the above requirements, the petitioner must provide evidence of natural paternity and evidence of legitimation. According to the regulations, such evidence should include "the beneficiary's birth certificate and the par-ents' marriage certificate or other evidence of legitimation issued by civil authorities." 8 C.F.R. § 204.2(d)(2)(ii) (1997). If the petitioner establishes that such evidence is not available, he may present secondary evidence, such as affidavits or other records, which will be evaluated for its authenticity and credibility. 8 C.F.R. § 204.2(d)(2)(v). In the present case, the key issue is whether the petitioner has provided adequate evidence to establish paternity. We will therefore address this issue before we turn to the other requirements of section 101(b)(1)(C).

## 2. Establishment of Paternity

To support his petition on behalf of the beneficiary, the petitioner submit-ted a copy of the beneficiary's birth certificate. The birth certificate lists the petitioner as the beneficiary's father, but it was not issued until 7 years after the beneficiary's birth. This delay in the registration of the birth caused the RSC director to request additional proof of paternity from the petitioner, and we believe that the RSC director was correct to request this proof.

In prior cases, we have been reluctant to accord delayed birth certificates the same weight we would give birth certificates issued at the time of birth due to the potential for fraud. *See, e.g., Matter of Ma*, 20 I&N Dec. 394 (BIA 1991). In *Matter of Serna*, 16 I&N Dec. 643 (BIA 1978), a case involving the establishment of United States citizenship through the presentation of a delayed United States birth certificate, we explained this approach. We acknowledged that a delayed birth certificate might be the only type of birth certificate available to some applicants and noted that it would be unjust to penalize these persons; however, we recognized that "there can be little dis-pute that the opportunity for fraud is much greater with a delayed birth

---

[1] This definition was derived from the commonly accepted definition of legitimation (the act of putting an illegitimate child in the position or state of a legitimate child before the law by legal means) and from prior court cases such as *Pfeifer v. Wright*, 41 F.2d 464 (10th Cir. 1930). *Matter of Reyes, supra.* In *Pfeifer v. Wright*, the court stated that a legitimated child is one placed "in all respects upon the same footing as if begotten and born in wedlock," and his or her "civil and social status becomes that of a lawful child of the *natural* father, and the child and father thereafter stand[ing] in their relations to each other as though the birth had been during wedlock." *Pfeifer v. Wright, supra*, at 466 (emphasis added).

certificate." *Matter of Serna, supra*, at 645. Given these competing concerns, we ruled that a delayed birth certificate, even when unrebutted by contradictory evidence, will not in every case establish the petitioner's status as a United States citizen. Each case must be decided on its own facts with regard to the sufficiency of the evidence presented. *Id*.

While the present case involves a foreign rather than a United States birth certificate and proof of paternity rather than proof of citizenship, we believe that the same principles apply. In particular, we find that a delayed birth certificate does not necessarily offer conclusive evidence of paternity even if it is unrebutted by contradictory evidence. The delayed birth certificate must be evaluated in light of the other evidence of record and the circumstances of the case.

In the case at hand, the beneficiary's birth was registered 7 years after he was born and 9 months prior to the filing of the visa petition. These circumstances raise serious questions regarding the truth of the facts asserted in the certificate, particularly since we have no evidence to indicate that paternity was independently verified prior to the issuance of the document. *See, e.g., Matter of Ma, supra* (holding that the opportunity for fraud is a major concern when the birth certificate was issued 40 years after the beneficiary's birth and was based on information provided by the beneficiary); *cf. Matter of Bautista*, 17 I&N Dec. 122 (BIA 1979) (holding that acknowledgment of paternity which occurred a few days after birth was sufficient to establish paternity).

The Department of State's Foreign Affairs Manual states that births in the Dominican Republic which are declared over 30 days after the birth has occurred "may be registered upon compliance with the formalities concerning delayed certification of birth," but it does not explain what these formalities are. *See* Vol. 9, Foreign Affairs Manual, Part IV, Appendix C, "Dominican Republic." In the absence of such information and in light of the above concerns, we believe additional proof of paternity is required before the petitioner may satisfy his burden of proof. *See Matter of Ma, supra* (holding that because of the potential for fraud in visa petition proceedings where Chinese notarial birth certificates are issued a period of time after the subject's birth, any and all supporting evidence should accompany such certificates as evidence of the claimed relationship). We do not believe that such a requirement is unduly burdensome since evidence of paternity should be readily available to the petitioner, if he is in fact the father of the beneficiary.

On appeal, the petitioner has submitted several documents in an attempt to provide additional proof of paternity, but the only document which identifies the petitioner as the beneficiary's father is the affidavit from the beneficiary's mother. Given this document's source and the absence of further independent corroboration, we cannot conclude that it is sufficient on its own to prove that the petitioner is the beneficiary's father. *Cf. Matter of Ho*, 19 I&N Dec. 582, 591-92 (BIA 1988). We therefore must conclude that the petitioner has failed

to provide adequate evidence to establish that he is the father of the beneficiary.

Having concluded that the petitioner has failed to establish paternity, we must also conclude that he has failed to satisfy the requirements of section 101(b)(1)(C) of the Act.[2] He has failed to demonstrate that the beneficiary qualifies as his legitimated child for immigration purposes, and we therefore cannot grant a visa petition on this basis.

## B. Qualification as a Child Born Out of Wedlock Under Section 101(b)(1)(D) of the Act

Like section 101(b)(1)(C) of the Act, section 101(b)(1)(D) contains the inherent requirement that the petitioner present proof of paternity. *See* 8 C.F.R. § 204.2(d)(2)(iii)(requiring the petitioner to provide evidence to show that he is the natural father of the beneficiary). Since the petitioner has failed to meet this requirement in the present case, he has also failed to demonstrate that the beneficiary qualifies as his "child" under this section. We therefore find that the beneficiary is ineligible for preference classification under this provision.

## III. CONCLUSION

In light of the foregoing, we find that the petitioner has failed to meet his burden of establishing that the beneficiary qualifies as his child under section 101(b)(1) of the Act. We therefore must deny his visa petition under section 203(a)(2) of the Act and dismiss his appeal. However, we note that the petitioner may file a new visa petition on behalf of the beneficiary, if he should obtain additional evidence of paternity.

**ORDER:** The appeal is dismissed.

---

[2] Having resolved the petitioner's case on this basis, we need not address whether he has satisfied the other requirements of section 101(b)(1)(C) of the Act.