Smith, Circuit Judge,
dissenting. My colleagues and I agree that Claudia Moreno acquired her passport through mendacity. Bad facts, however, should not cause us to rewrite a statute. In my view, 22 U.S.C. § 2705(1) requires us to treat Moreno’s passport as conclusive evidence of her U.S. citizenship. For that reason, I respectfully dissent.
The majority’s reading of § 2705 contains a critical flaw —■ one that eviscerates the statute. To see the flaw, one needs simply to restate the holding: “a passport constitutes conclusive proof of citizenship only if the passport was issued to a U.S. citizen.” Majority Op. at 1133. In other words, a person can use a passport as conclusive evidence that she is a U.S. citizen only if she first proves that she is a U.S. citizen. At that point, of course, conclusive evidence of citizenship is unnecessary, and so the statute becomes inoperative by depriving passports of any special evidentiary value. This reading is “at odds with one of the most basic interpretive canons, that ‘[a] statute should be construed... so that no part will be inoperative or superfluous, void or insignificant.’ ” Corley v. United States, 556 U. S. 303, 314, 129 S. Ct. 1558, 173 L. Ed. 2d 443 (2009) (quoting Hibbs v. Winn, 542 U. S. 88, 101, 124 S. Ct. 2276, 159 L. Ed. 2d 172 (2004)). Congress surely did not intend to pass a statute without any legal effect.
No other circuit has said that § 2705 requires a preliminary showing that the passport holder is a U.S. citizen. Not one. Instead, most courts have said that passports have the same evidentiary effect as certificates of naturalization, which are conclusive proof of citizenship and are not subject to collateral attack. E.g., Magnuson v. Baker, 911 F.2d 330, 333 (9th Cir. 1990) (“The statute plainly states that a passport has the same force and effect as a certificate of naturalization or citizenship .... The holders of these other documents can use them as conclusive evidence of citizenship. Therefore, so can a holder of a passport.”); Edwards v. Bryson, 884 F. Supp. 2d 202, 206 (E.D. Pa. 2012); United States v. Clarke, 628 F. Supp. 2d 15, 21 (D.D.C. 2009); Banchong v. Kane, No. CV-09-
*1143 0582-PHX-MHM (JRI), 2009 U.S. Dist. LEXIS 127134 (D. Ariz. Dec. 23, 2009); Matter of Villanueva, 19 I. & N. Dec. 101, 103 (B.I.A. 1984). Indeed, we have said as much in an admittedly nonprecedential opinion. Vana v. Att’y Gen. of U.S., 341 Fed. Appx. 836, 839 (3d Cir. 2009) (per curiam).* To be sure, the Eighth Circuit has suggested that passports offer no protection in criminal cases, but even it acknowledged that passports would be “conclusive proof of citizenship in administrative immigration proceedings.” Keil v. Triveline, 661 F.3d 981, 987 (8th Cir. 2011).
The majority goes well beyond any of these cases. Through its reading of the requirement that passports be “issued by the Secretary of State to a citizen of the United States,” the majority suggests that passports are not conclusive evidence of citizenship in any proceeding — a suggestion that creates a circuit split.
How then to interpret this requirement without effectively rewriting the statute? The answer is straightforward, but it requires us to recognize that citizens are not the only ones who hold passports. The State Department may issue passports to noncitizens “owing allegiance ... to the United States.” 22 U.S.C. § 212. Such passports specify that “[t]he bearer is a United States national and not a United States citizen.” U.S. Dep’t of State, 7 Foreign Aff. Manual § 1141(e) (Mar. 5, 2013), http://www.state. gov/documents/organization/86758.pdf. The phrase “citizen of the United States” in § 2705 thus has the effect of preventing those determined by the State Department to be noncitizen nationals from using their passports as conclusive evidence of U.S. citizenship. At the same time, it allows those determined to be citizens to use their passports as conclusive evidence of their citizenship. See Mondaca-Vega v. Holder, No. CV-04-339-FVS, 2011 U.S. Dist. LEXIS 33443 (E.D. Wash. Mar. 29, 2011) (concluding that § 2705 requires a passport holder to show that “the Secretary of State has previously determined he is a United States citizen” (emphasis added)). In short, the inquiry is whether the State Department has determined the passport holder to be a U.S. citizen, not whether she actually is one.
That is consistent with the idea that Congress has “centralize[d] passport authority ... specifically in the Secretary of State.” Haig v. Agee, *1144 453 U. S. 280, 294-99, 101 S. Ct. 2766, 69 L. Ed. 2d 640 (1981) (noting similarities between the original Passport Act and the current scheme). For example, the State Department has exclusive authority to grant and revoke passports, 22 U.S.C. § 211a; 8 U.S.C. § 1504(a), to limit their period of validity, 22 U.S.C. § 217a, and to set fees, id. § 214. See also Zivotofsky v. Clinton, 132 S. Ct. 1421, 1436, 182 L. Ed. 2d 423 (2012) (Alito, J., concurring) (recognizing the executive branch’s historical authority over passports). In fact, the State Department may revoke passports that were obtained through error or fraud. See 8 U.S.C. § 1504(a); 22 C.F.R. § 51.62. Such passports become invalid and lose their conclusive evidentiary status. See 22 C.F.R. § 51.4(f)(1); 22 U.S.C. § 2705 (limiting a passport’s conclusive proof of citizenship to its “period of validity”). Section 2705 thus strengthens the State Department’s authority over passports by preventing courts from second-guessing its decisions.
And that is precisely where the District Court went wrong. Moreno still has a valid passport, so the Court should have granted her motion for acquittal. If the prosecutors wanted to go after Moreno, they should have asked the State Department to revoke her passport.
I respectfully dissent.

 Although “[tjhe Court by tradition does not cite [ ] its not precedential opinions as authority,” Third Circuit I.O.P. 5.7,1 cite Vana merely to point out the intracircuit conflict created by the majority.