# Matter of Saif Ur REHMAN, Beneficiary of a visa petition filed by Younas Mohammad Chaudry, Petitioner

*Decided September 20, 2017*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Where a petitioner seeking to prove a familial relationship submits a birth certificate that was not registered contemporaneously with the birth, an adjudicator must consider the birth certificate, as well as all the other evidence of record and the circumstances of the case, to determine whether the petitioner has submitted sufficient reliable evidence to demonstrate the claimed relationship by a preponderance of the evidence.

FOR PETITIONER: Eric H. Singer, Esquire, Bethesda, Maryland

FOR THE DEPARTMENT OF HOMELAND SECURITY: Michael Ammerman, Associate Counsel

BEFORE: Board Panel: ADKINS-BLANCH, Vice Chairman; MANN and KELLY, Board Members.

MANN, Board Member:

In a decision dated March 24, 2015, the Service Center Director ("Director") denied the Petition for Alien Relative (Form I-130) that the United States petitioner filed on behalf of the beneficiary to accord him status as his brother under section 203(a)(4) of the Immigration and Nationality Act, 8 U.S.C. § 1153(a)(4) (2012). The petitioner has appealed from that decision. The record will be remanded.

## I. FACTUAL AND PROCEDURAL HISTORY

In support of his visa petition, the petitioner submitted a birth certificate that was registered in 1958, indicating that the beneficiary was born in Pakistan in 1956. The Director denied the visa petition, concluding that the petitioner did not submit sufficient evidence to meet his burden of establishing that the beneficiary qualifies as his brother for immigration purposes. Specifically, the Director found that the beneficiary's Pakistani birth certificate did not prove his parentage because it was registered 2 years after his birth, and the petitioner did not submit sufficient secondary evidence to support the delayed registered birth certificate.

## II.  ANALYSIS

In this case, we will address the factors to be considered when assessing whether a petitioner has established a familial relationship by a preponderance of the evidence where a birth certificate submitted to prove the relationship reflects that it was not registered contemporaneously with the birth.  We review all questions arising in visa petition proceedings de novo.  *See* 8 C.F.R. § 1003.1(d)(3)(iii) (2017).

### A.  Preponderance of the Evidence

In visa petition proceedings, the petitioner bears the burden of establishing the claimed relationship by a preponderance of the evidence. *See, e.g.*, *Matter of Ruzku*, 26 I&N Dec. 731, 731 (BIA 2016).  We have defined a "preponderance of the evidence" as "evidence which as a whole shows that the fact sought to be proved is more probable than not."  *Matter of Lemhammad*, 20 I&N Dec. 316, 320 n.5 (BIA 1991) (quoting *Black's Law Dictionary* 1064 (5th ed. 1979)).  Whether evidence is sufficient to meet the preponderance of the evidence standard

> will often turn upon the factual circumstances of each case.  There are no magic words or mathematical formulas that can describe a preponderance of the evidence so it can be applied mechanically in every case.  Nonetheless, when we consider that the purpose of evidence is to ascertain the truth, then we can make certain generalizations.  For example, when something has to be proved beyond a reasonable doubt, the proof must demonstrate that something must be almost certainly true.  And when something has to be proved by clear and convincing evidence, the proof must demonstrate that it is highly probably true.  But, when something is to be established by a preponderance of the evidence it is sufficient that the proof only establish that it is probably true.
> . . . [T]he application of the "preponderance of the evidence" standard may require the examination of each piece of relevant evidence and a determination as to whether such evidence, either by itself or when viewed within the totality of the evidence, establishes that something to be proved is probably true.

*Matter of E-M-*, 20 I&N Dec. 77, 79–80 (Comm. 1989) (citation omitted).

### B.  Primary Evidence

To establish a claimed family relationship in visa petition proceedings by a preponderance of the evidence, a petitioner should submit primary evidence, if it is available.  8 C.F.R. §§ 103.2(b), 204.1(f)(1) (2017).  For siblings, that primary evidence includes birth certificates showing a common parent.  8 C.F.R. § 204.2(g)(2)(i) (2017).  To determine whether primary

evidence is unavailable, adjudicators may refer to the Department of State Foreign Affairs Manual ("FAM") Reciprocity Schedule and may consider any other evidence in the record regarding the availability of such evidence.

In assessing whether a petitioner has met his or her burden of proof in cases where a birth certificate is submitted to establish a family relationship, "we have been reluctant to accord delayed birth certificates the same weight we would give birth certificates issued at the time of birth." *Matter of Bueno*, 21 I&N Dec. 1029, 1032 (BIA 1997) (citing *Matter of Ma*, 20 I&N Dec. 394 (BIA 1991)). We reasoned that birth certificates with delayed registration dates are less reliable because "the opportunity for fraud is much greater with a delayed birth certificate." *Matter of Serna*, 16 I&N Dec. 643, 645 (BIA 1978). However, we have noted the difficulty in balancing situations in which a delayed birth certificate may be the only type of birth certificate available. *Id.* at 644–45 ("To penalize these persons because they were not born in hospitals or other facilities where births are registered would be unjust."). To balance the competing concerns of fraud and fairness, we have held that a delayed birth certificate is not generally conclusive evidence and must instead "be evaluated in light of the other evidence of record and the circumstances of the case." *Matter of Bueno*, 21 I&N Dec. at 1033.

Although we have never specified that a birth certificate must reflect registration within a specific period of time after the birth in order to be valid evidence of parentage, we have seen a pattern in decisions where the Director has determined that birth certificates registered 1 year or more after the birth are considered delayed. Such a bright-line standard has no basis in the regulations or our precedent.

Instead, we have consistently considered the record as a whole to determine whether there is sufficient evidence of the relationship. In *Matter of Bueno*, the beneficiary's birth was registered in the Dominican Republic 7 years after he was born and only 9 months prior to the filing of the visa petition. We concluded that these circumstances raised questions regarding the beneficiary's paternity, particularly given that the FAM did not reflect whether independent verification of paternity was necessary in the Dominican Republic to obtain a birth certificate after the birth date. *Id.* (citing Vol. 9, Foreign Affairs Manual, Part IV, Appendix C, "Dominican Republic"). We held that additional proof was needed to establish paternity in that case and that the sole additional relevant document—an affidavit— was insufficient to establish the relationship by a preponderance of the evidence.

Similarly, in *Matter of Ma*, 20 I&N Dec. at 397, we evaluated the reliability of a Chinese notarial certificate that was issued 40 years after the beneficiary's birth. We determined that although such certificates were generally reliable, the delay in the registration of the birth raised a concern

about fraud, so the case should be considered in light of "any and all supporting evidence that the petitioner may be able to produce." *Id.*

Having reviewed the regulations, our precedent decisions, and the arguments of the parties, we conclude that in evaluating whether a birth certificate is "delayed" and therefore raises concerns about fraud, an adjudicator must consider all the other evidence of record and the circumstances of the case to determine whether a petitioner has submitted sufficient reliable evidence to demonstrate the claimed familial relationship by a preponderance of the evidence. *See Matter of Bueno*, 21 I&N Dec. at 1033. The adjudicator should always examine the evidence for its reliability and persuasiveness, given the circumstances presented.

Even if a birth certificate does not reflect that its registration was contemporaneous with the birth, an adjudicator may conclude that it is sufficiently reliable to establish parentage, depending on the circumstances. In making this determination, the adjudicator should consider all relevant factors, including, but not limited to, (1) information in the FAM regarding the availability and reliability of birth registrations in the country of birth during the time period at issue; (2) the length of time between the birth and the registration; (3) any credible explanation proffered by the petitioner as to the personal, societal, or historical circumstances that prevented a particular birth certificate from being registered contemporaneously, and any evidence in support of that explanation; (4) any credible explanation for why a particular birth certificate was lost or destroyed; (5) any evidence that the parental relationship was independently corroborated prior to the registration of the birth; (6) the length of time between the birth registration and the filing of the visa petition; and (7) information regarding whether the document was based on facts that were contemporaneous with the birth or on facts that were more recently established.

## C. Secondary Evidence

If the adjudicator determines that a birth certificate is not sufficiently reliable to meet the preponderance of the evidence standard in light of all of the circumstances, he or she should require and consider secondary evidence to determine whether the petitioner has established parentage. *See* 8 C.F.R. § 103.2(b)(2); *see also Matter of Pagan*, 22 I&N Dec. 547, 550 (BIA 1999).

The regulations do not specify the secondary evidence to be considered in sibling petition cases like the one before us. However, we find instructive the regulation that lists the types of secondary evidence petitioners may submit to establish their United States citizenship or lawful permanent resident status. 8 C.F.R. § 204.1(g)(2) (providing that secondary evidence may include, but is not limited to, baptismal certificates, affidavits sworn by

persons with personal knowledge of the event to which they attest, early school records, and census records). Similarly, we consider relevant the secondary evidence listed in the regulations pertaining to petitions filed on behalf of sons and daughters, because in sibling petition cases, it is the siblings' relationship through the parent that must be established. *See, e.g.*, 8 C.F.R. § 204.2(d)(2)(v), (vi) (providing that secondary evidence may include historical evidence issued contemporaneously with the birth or other event that it documents, such as medical records, school records, religious documents, affidavits by those with personal knowledge of the event, and DNA evidence). All secondary evidence should be evaluated for its authenticity and credibility. 8 C.F.R. § 204.1(g)(2).

Thus, the types of secondary evidence that a petitioner may submit to establish his or her relationship with a sibling beneficiary include, but are not limited to, (1) governmental, medical, religious, school, financial, employment, insurance, or residential records that reflect the names of the parent(s) and child; (2) family photographs with notations indicating the persons photographed, as well as the date and place they were taken; (3) correspondence, preferably with the original envelope, showing the date written and referring to the parent(s) and child; (4) affidavits by persons who have personal knowledge of the birth; and (5) the results of DNA testing conducted in a prescribed manner, as explained to the petitioner by the United States Citizenship and Immigration Services ("USCIS"). Given the advances in DNA testing in recent years, the USCIS should encourage petitioners to pursue this option, particularly if little other secondary evidence is available. A Request for Evidence should provide detailed guidance with regard to secondary forms of evidence.

Although we agree with the petitioner that all secondary evidence should be considered, we also agree with counsel for the USCIS that secondary evidence that was created contemporaneous with the birth will be the most persuasive. As with all visa petitions, an adjudicator's decision should explain his or her reasoning in evaluating the reliability and persuasiveness of all the evidence in the record and state whether it is sufficient to meet the preponderance of the evidence standard.

D. Application to the Beneficiary

In this case, the beneficiary's birth was registered in 1958, when he was 2 years old. Unlike in *Matter of Bueno*, where the birth was registered just months before the visa petition was filed, the petitioner filed the visa petition 52 years after the beneficiary's birth was registered. Under these circumstances, the risk of fraud is greatly reduced.

In addition, the Director did not indicate that she considered the FAM, which states the following in regard to birth records in Pakistan:

> Birth certificates for older Pakistanis, particularly those born before partition in 1947, are often unavailable. These Pakistanis may present a "No Entry Certificate" issued by the Municipal Corporation or a late-registered birth certificate. . . .
>
> Even today, birth records are not uniformly kept, particularly in rural areas. . . .
>
> . . . .
>
> In lieu of a birth certificate, Pakistanis often use school records attested by the headmaster or principal of the school or matriculation certificates, both of which identify the father and the date of birth. "B" Forms, which are family registration forms listing all family members, are also available [to show' family relationships. These documents are issued by [the National Database and Registration Authority ("NADRA")], though pre-NADRA versions are sometimes available as well.

U.S. Dep't of State, Pakistan Country Reciprocity Schedule, https://travel. state.gov/content/visas/en/fees/reciprocity-by-country/PK.html (follow the hyperlink to "Birth, Death, Burial Certificates"). The FAM indicates that birth certificates for those Pakistanis of the beneficiary's generation— namely, those born shortly after the 1947 partition of India—may often be unavailable. The Director should weigh this fact when considering the persuasiveness of the beneficiary's birth certificate, which was registered in 1958.

## III. CONCLUSION

We will remand this case for the Director to apply the framework set forth above and determine whether the beneficiary's birth certificate is sufficient to establish his parentage by a preponderance of the evidence. If the Director determines that the birth certificate alone is not sufficiently reliable, the Director should consider whether the birth certificate, in combination with the secondary evidence submitted by the petitioner, is sufficient to meet his burden of proof. As with all decisions, the Director must discuss the facts and weigh the evidence in light of the applicable legal standards and determine whether the burden of proof has been met. Accordingly, the record will be remanded for further proceedings.

**ORDER:** The record is remanded for further proceedings consistent with the foregoing opinion and for the entry of a new decision.