25-2417-cv
Alsonidar v. Mullin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand twenty-six.

PRESENT:  RAYMOND J. LOHIER, JR.,
                  BETH ROBINSON,
                  ALISON J. NATHAN,
                          *Circuit Judges*.
------------------------------------------------------------------

SALWA AHMED ALSONIDAR,
ERJUWAN LUFT ALI ALSONIDAR,
NOOR LUFT ALI ALSONIDAR,
M.L.A.A.,

                  *Plaintiffs-Appellants*,

        v.                                                                  No. 25-2417-cv

MARKWAYNE MULLIN,
SECRETARY OF HOMELAND
SECURITY, JOSEPH B. EDLOW,
DIRECTOR OF UNITED STATES
CITIZENSHIP AND
IMMIGRATION SERVICES,

GWYNNE DINOLFO,` FIELD
OFFICE DIRECTOR, USCIS
ALBANY FIELD OFFICE, UNITED
STATES CITIZENSHIP AND
IMMIGRATION SERVICES, BOARD
OF IMMIGRATION APPEALS,

*Defendants-Appellees.**

-------------------------------------------------------------------

FOR PLAINTIFFS-APPELLANTS: JULIE A. GOLDBERG, Goldberg & Associates, P.C., Melvindale, MI

FOR DEFENDANTS-APPELLEES: LAUREN E. BRYANT, Trial Attorney (Yaakov M. Roth, Acting Assistant Attorney General, Drew C. Ensign, Deputy Assistant Attorney General, Catherine M. Reno, Acting Assistant Director, Caroline McGuire, Senior Litigation Counsel, *on the brief*), *for* Brett A. Shumate, Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, DC

Appeal from a judgment of the United States District Court for the

Northern District of New York (Anthony J. Brindisi, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

---

* The Clerk of Court is directed to amend the caption as set forth above.

2

Plaintiff Salwa Ahmed Alsonidar ("Salwa"), a lawful permanent resident of the United States and a native of Yemen, together with Plaintiffs Erjuwan Luft Ali Alsonidar ("Erjuwan"), Noor Luft Ali Alsonidar ("Noor"), and M.L.A.A., appeal from the judgment, as amended on August 5, 2025, of the United States District Court for the Northern District of New York (Brindisi, *J.*) dismissing their complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

This appeal arises from denials by U.S. Citizenship and Immigration Services ("USCIS") of Form I-130 Petitions for Alien Relatives (the "petitions") filed by Salwa on behalf of Erjuwan, Noor, and M.L.A.A. to assist them in immigrating to the United States as her children. After requesting and reviewing additional documentation in support of the petitions, USCIS denied them, determining that Salwa had failed to establish that Erjuwan, Noor, and M.L.A.A. were in fact her biological or adopted children. The Board of Immigration Appeals ("BIA") affirmed USCIS's determinations. Plaintiffs claimed that USCIS's decisions to deny their petitions and the BIA's affirmances violated the

3

Administrative Procedure Act (APA), *see* 5 U.S.C. § 701 *et seq.*, the Religious Freedom Restoration Act (RFRA), *see* 42 U.S.C. § 2000bb *et seq.*, and the Fifth Amendment's guarantee of equal protection, U.S. Const. amend. V.[1]

## I.     APA Claim

Plaintiffs contend that USCIS violated the APA by disregarding the evidence of their family relationships and arbitrarily denying their petitions without following the correct administrative procedures and legal standards. The APA requires the reviewing court to "hold unlawful and set aside agency action" that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law[.]"  5 U.S.C. § 706(2)(A).  Agency action is "arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Alzokari v. Pompeo*, 973 F.3d 65, 70 (2d Cir. 2020) (citation modified).  "[S]o long as the agency examines the relevant

---

[1] Plaintiffs have abandoned any challenge to the District Court's dismissal of their Declaratory Judgment Act claim by failing to raise it in their briefing on appeal.  *See United States v. Babwah*, 972 F.2d 30, 34 (2d Cir. 1992) ("Ordinarily, of course, an argument not raised on appeal is deemed abandoned.").

4

[evidence] and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action, even a decision that is not perfectly clear, provided the agency's path to its conclusion may reasonably be discerned." *Karpova v. Snow*, 497 F.3d 262, 268 (2d Cir. 2007).

A lawful permanent resident may apply for an immigration visa for their children living outside the United States by filing an I-130 petition with USCIS to establish the family relationship. *See* 8 U.S.C. § 1153(a)(2); 8 C.F.R. § 204.1(a). The petitioner must establish the claimed relationship by a preponderance of the evidence, supported by primary evidence where available. *See* 8 C.F.R. §§ 103.2(b)(1), 204.1(f)(1), 204.2(d)(2). For biological children, the primary evidence generally consists of birth certificates; for adoptive children, an adoption decree. *See id.* § 204.2(d)(2)(i), (vii). Where the primary evidence is insufficient to establish eligibility, USCIS may request additional, secondary, evidence or deny the petition. *See id.* § 103.2(b)(8)(iii).

On this record, USCIS provided multiple independent grounds to support its determination that Salwa failed to meet her burden. First, Salwa did not submit satisfactory primary evidence as to any of the beneficiaries. As to Noor

5

and Erjuwan, USCIS reasonably found that the birth certificates submitted for them were unreliable because they were not issued contemporaneously with their births. *See id.* § 204.2(d)(2)(i); *Matter of Rehman*, 27 I. & N. Dec. 124, 126 (B.I.A. 2017). Indeed, Salwa does not argue that the birth certificates were contemporaneous or that USCIS acted unreasonably in discounting them on that basis. And as to M.L.A.A., Salwa does not allege that she submitted the primary form of evidence for an adopted child—an adoption decree. *See* 8 C.F.R. § 204.2(d)(2)(vii). Rather, she argues that the agency should have treated M.L.A.A.'s Yemeni guardianship order *as "the functional equivalent"* of a legal adoption decree. Appellants' Br. 27 (emphasis added). Thus, Salwa has abandoned any challenges to the agency's discounting of her primary evidence. *See United States v. Babwah*, 972 F.2d 30, 34 (2d Cir. 1992).

As to Salwa's secondary evidence for all three beneficiaries, USCIS identified inconsistencies in the documents Salwa submitted in support. Specifically, USCIS permissibly relied on evidence that Salwa submitted false affidavits from relatives claiming to have witnessed her give birth to M.L.A.A.— even though Salwa admitted that M.L.A.A. was not her biological child. USCIS acted within its discretion in concluding that these concededly false submissions

6

discredited Salwa's remaining evidence in each of the three petitions. *See* 8

C.F.R. § 204.1(f)(1) ("The determination of what evidence is credible and the

weight to be given that evidence shall be within the sole discretion of the

[agency]."); *cf. Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

In light of this evidence, Plaintiffs' claims that USCIS disregarded other

evidence such as their Family ID booklet and school records—most of which do

not identify Salwa as the beneficiaries' parent—do not establish that USCIS's

denials or the BIA's affirmances were arbitrary and capricious. And Plaintiffs'

assertions that USCIS denied Plaintiffs' applications solely because they did not

supply DNA evidence find no support in the record. Although USCIS noted the

absence of DNA evidence and suggested it could be submitted in future

petitions, nothing in the record before us indicates that the denials rested on that

ground alone. Because USCIS considered the relevant evidence and articulated a

rational basis for its decisions, we agree with the District Court that USCIS's

denials of the petitions were neither arbitrary nor capricious.

## II.     Equal Protection Claim

Plaintiffs also argue that USCIS violated their Fifth Amendment right to

equal protection by subjecting the petitions to a heightened standard or

7

otherwise treating Plaintiffs differently because of their Yemeni origin. Like the District Court, we reject Plaintiffs' argument that USCIS applied a formal policy imposing a heightened standard on Yemeni petitioners, especially since Plaintiffs allege that the relevant policy had been *rescinded* before the petitions were adjudicated. Though Plaintiffs argue that USCIS continued to apply the policy in fact even after its formal revocation, the complaint provides no more than conclusory allegations to support that argument. Nor are we persuaded by Plaintiffs' other argument that USCIS applied generally applicable standards in a discriminatory manner in adjudicating their petitions. Plaintiffs fail to identify a comparator whose petition was granted under the same or very similar circumstances, a requirement to make out such a "class of one" claim. *See Hu v. City of New York*, 927 F.3d 81, 92–93 (2d Cir. 2019). They also fail to allege facts that give rise to a plausible inference of intentional discrimination. *See Ricketts v. City of Hartford*, 74 F.3d 1397, 1407–08 (2d Cir. 1996). USCIS identified multiple reasons for rejecting Salwa's proffered evidence as unreliable and denying the petitions. Because those reasons were grounded in the administrative record and Salwa failed to plausibly establish that they reflected national origin

8

discrimination, we find no error in the District Court's dismissal of Plaintiffs' Equal Protection claim.

### III.    RFRA Claim

Plaintiffs also argue that USCIS violated RFRA by denying the petitions in a manner that burdened Salwa's exercise of her religion.  We are not persuaded. To state a RFRA claim, a plaintiff must plausibly allege that she "s[eeks] to engage in the exercise of religion" and that the government has "substantially burdened that exercise" by putting "substantial pressure" on her "to modify h[er] behavior and to violate h[er] beliefs."  *Tanvir v. Tanzin*, 120 F.4th 1049, 1058–59 (2d Cir. 2024) (citation modified).  Plaintiffs' allegations fall short of stating such a claim.  They claim, for example, that USCIS failed to recognize Yemeni legal guardianships as equivalent to adoptions and thereby imposed a "western" understanding of family relationships inconsistent with Sharia law; they also assert that the denial of M.L.A.A.'s petition burdened Salwa's ability to fulfill a religious obligation to care for an orphan.  But Plaintiffs do not allege what we have required to support a RFRA claim: that USCIS put "substantial pressure" on them to modify their behavior and violate their religious beliefs.  *Id.* at 1059 (citation modified); *see Kravitz v. Purcell*, 87 F.4th 111, 126 (2d Cir. 2023) ("RFRA

9

requires an objective inquiry into the extent of the governmental pressure on the plaintiff's exercise of religion.").

## CONCLUSION

We have considered Plaintiffs' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10